UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JULIUS LOGAN**                                                                         **PLAINTIFF**

v.                                                    CIVIL ACTION NO. 1:17-cv-29-HSO-JCG

**MARSHAL FISHER et al.**                                                      **DEFENDANTS**

### REPORT AND RECOMMENDATION THAT PLAINTIFF'S SUIT BE DISMISSED FOR FAILURE TO PROSECUTE AND ABIDE BY ORDERS OF THE COURT

BEFORE THE COURT is a prisoner suit filed pursuant to 42 U.S.C. § 1983 by Plaintiff Julius Logan, who is proceeding *pro se* and *in forma pauperis*. Plaintiff filed this suit while in the custody of the Mississippi Department of Corrections as a postconviction inmate. The undersigned Magistrate Judge recommends that Plaintiff's claims be dismissed as an adjudication on the merits under Federal Rule of Civil Procedure 41(b) due to Plaintiff's failure to prosecute and abide by numerous Orders of the Court.

BACKGROUND

This is one of two related 42 U.S.C. § 1983, Eighth Amendment suits Plaintiff filed in this Court within approximately a month of one another while Plaintiff was housed at the South Mississippi Correctional Institution (SMCI) in Leakesville, Mississippi. Plaintiff filed the first suit, *Logan v. Fisher,* 3:17-cv-32-JCG (S.D. Miss.) ("Logan 1"), on January 17, 2017, and this suit on February 9, 2017.

In Logan 1, Plaintiff primarily complained about the quality of outpatient corrective hernia surgery he received on October 5, 2016, while housed at SMCI, alleging that Defendants were deliberately indifferent to his medical needs. On March 19, 2018, Plaintiff's first suit was dismissed on summary judgment because the record evidence established that Plaintiff did not receive constitutionally deficient medical care. (ECF No. 53, at 12 in Logan 1, 3:17-cv-32-JCG).

In this suit, Plaintiff primarily alleges that Defendants were deliberately indifferent because Plaintiff was assigned to a top bunk following his corrective hernia surgery. (ECF Nos. 1, 17). Plaintiff maintains that he fell from a top bunk on January 14, 2017, four days after a physician ordered that he be assigned to a low bunk. According to Plaintiff, the fall caused him to break his nose, tooth, and some facial bones. Plaintiff also alleges in this suit that Defendants failed to protect him from attacks by other inmates.

An omnibus hearing was scheduled and properly noticed for November 28, 2018. (ECF Nos. 43, 44). The Orders setting the omnibus hearing for November 28, 2018, were mailed to Plaintiff at his address of record but were returned as undeliverable and unable to forward. (ECF Nos. 45, 46). Plaintiff failed to appear at the November 28, 2018, omnibus hearing, and no one appeared on his behalf.

An Order for Plaintiff to Show Cause immediately issued, requiring Plaintiff to file a response in writing on or before December 12, 2018, showing cause why this case should not be dismissed due to Plaintiff's failure to appear at the omnibus

hearing. (ECF No. 51). Plaintiff was specifically warned that failure to timely comply with the Order to Show Cause would result in a recommendation to the District Jude that this case be dismissed pursuant to Federal Rule of Civil Procedure 41(b). The Order for Plaintiff to Show Cause was mailed to Plaintiff at his address of record but was returned as undeliverable and unable to forward. (ECF No. 52).

## RECOMMENDATION

Federal Rule of Civil Procedure 41 confers upon a district court the authority to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with a court order. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.,* 756 F.2d 399, 401 (5th Cir. 1985). A court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief in order to achieve the orderly and expeditious disposition of cases. *See Link,* 370 U.S. at 630-31.

As a general rule, dismissals under Federal Rule of Civil Procedure 41(b) are permitted only when "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the

district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI*, 975 F.2d 1188, 1191 (5th Cir. 1992). A dismissal under 41(b) "operates as an adjudication on the merits" unless the dismissal order states otherwise. Fed. R. Civ. P. 41(b).

On review, the Court finds a clear record of delay and contumacious conduct by Plaintiff. Plaintiff last corresponded with the Court through a letter filed on December 11, 2017. (ECF No. 37). Mail directed to Plaintiff at his address of record has been returned as undeliverable and unable to forward since October 2, 2018. (ECF No. 45, 46, 52). Plaintiff failed to appear at the duly noticed omnibus hearing held on November 28, 2018, and no one appeared on Plaintiff's behalf. Plaintiff did not comply with the Court's November 28, 2018, Order for Plaintiff to Show Cause. (ECF No. 51).

Plaintiff was informed repeatedly that failure to keep the Court apprised of his current address would be deemed a purposeful and contumacious act that could result in dismissal of his claims. (ECF Nos. 3, 4, 12, 16, 20, 23, 41). Plaintiff was advised of his responsibility to prosecute this case and warned repeatedly that failure to timely comply with a Court order subjected his case to dismissal. (ECF Nos. 4, 12, 16, 20, 23, 51).

It is apparent from Plaintiff's inaction that he no longer wishes to pursue this lawsuit. Lesser sanctions than dismissal would not prompt diligent prosecution and have proven to be futile. Based upon the facts and circumstances here, the

undersigned recommends that Plaintiff's claims be dismissed as an adjudication on the merits under Federal Rule of Civil Procedure 41(b) due to Plaintiff's failure to prosecute and comply with orders of the Court.

## NOTICE OF RIGHT TO APPEAL/OBJECT

In accordance with Local Uniform Civil Rule 72(a)(3) and 28 U.S.C. §636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the proposed findings and recommendations. The District Judge at that time may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this Report and Recommendation within fourteen days after being served with a copy shall bar that party, except under grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996), *superseded by statute on other grounds,* 28 U.S.C. §636(b)(1). An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections.

This Report and Recommendation will be mailed to Plaintiff at his last

known address: Julius Logan # 122442, MS State Penitentiary, Unit 25, B-Zone, Bed 108, P.O Box 880, Parchman, MS 38738.

    **SIGNED,** this the 3rd day of January, 2019.

                                                *s/ John C. Gargiulo*
                                               JOHN C. GARGIULO
                                               UNITED STATES MAGISTRATE JUDGE