# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| JULIUS LOGAN | § | PLAINTIFF |
| | § | |
| v. | § | Civil No. 1:17cv29-HSO-JCG |
| | § | |
| MARSHALL FISHER, et al. | § | DEFENDANTS |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [53] AND DISMISSING PLAINTIFF'S CASE WITH PREJUDICE

This matter comes before the Court on the Report and Recommendation [53] of United States Magistrate Judge John C. Gargiulo, entered in this case on January 3, 2019. The Magistrate Judge recommended that Plaintiff's suit be dismissed as an adjudication on the merits for failure to prosecute and abide by orders of the Court. Plaintiff has not submitted any objections to the Report and Recommendation [53], and the time for doing so has passed. After due consideration of the Report and Recommendation [53], Plaintiff's Complaint, the record, and relevant legal authority, the Court finds that the Magistrate Judge's Report and Recommendation should be adopted as the Order of the Court, and this case will be dismissed with prejudice.

## I. RELEVANT BACKGROUND

Plaintiff Julius Logan ("Plaintiff"), acting pro se and requesting leave to proceed *in forma pauperis*, filed his Complaint [1] in this matter on February 9,

2017. The Complaint lodged claims against numerous defendants that they acted with deliberate indifference to his medical needs in violation of 42 U.S.C. § 1983 when they assigned him to a top bunk in his cell following a corrective hernia surgery.[1]  Compl. [1] at 1-2.  At the time, Plaintiff was an inmate at the South Mississippi Correctional Institution in Leakesville, Mississippi.  *Id.*

The Magistrate Judge entered an Order [16] requiring Plaintiff to complete a questionnaire clarifying his claims.  Order [16].  The Order [16] warned Plaintiff that failure to "advise this Court of a change of address or failure to timely comply with any order of this Court will result in this cause being dismissed." *Id.* at 1.  In response to the Magistrate Judge's Questionnaire [16], Plaintiff clarified that he sought to sue Dr. Ronald Woodall, Mike Hatten, Unknown Hodge, Unknown Smith, and Jane Doe.  Pl.'s Resp. [17]; Order [21].  Plaintiff asserted that despite a physician's order that he be assigned to a low bunk, on January 14, 2017, he fell from the top bunk which caused him to break his nose, tooth, and some facial bones.  Pl.'s Resp. [17]; Attach. [25].  Plaintiff also alleged that Defendants did not protect him from attacks of other inmates.  Pl.'s Resp. [17]; Attach. [25].

Plaintiff has not communicated with the Court since December 11, 2017, when he submitted a Letter [37] clarifying his claims.  On September 20, 2018, the Magistrate Judge issued a Writ of Habeas Corpus ad Testificandum [42] for Plaintiff to appear at an Omnibus Hearing scheduled for November 28, 2018.  Order

---

[1] A month before filing the instant lawsuit, Plaintiff filed another suit in the Northern Division of this Court alleging deliberate indifference to his medical needs during this hernia surgery by some of the same defendants. *Logan v. Fisher*, 3:17cv32JCG (S.D. Miss.).  The Court dismissed that suit on summary judgment on March 19, 2018.  *Id.*

2

[41]. The Magistrate Judge again warned that "a failure to prosecute, obey orders of the Court, or keep the Court informed of a current address may result in dismissal." *Id.* After a change in the time of the hearing, Order [43], the Magistrate Judge issued a second Writ [44]. The Orders [41] [43] and corresponding Writs [42] [44] were mailed to Plaintiff at his address of record and were subsequently returned as undeliverable. Staff Note, Sept. 20, 2018; Staff Note, Sept. 25, 2018; Mail Returned Undeliverable [45] [46].

Plaintiff did not appear at the November 28, 2018 hearing. Minute Entry, Nov. 28, 2018. The Magistrate Judge issued an Order [51] to Show Cause the same day, requiring that Plaintiff show cause by December 12, 2018, why the case should not be dismissed for failure to appear at the Omnibus Hearing. Order [51] to Show Cause. The Order warned Plaintiff that the Court may dismiss his suit for failure to prosecute or obey Court orders under Federal Rule of Civil Procedure 41(b). *Id.* This Order [51] was mailed to Plaintiff's address of record but was returned as undeliverable on December 6, 2018. Staff Note, Nov. 28, 2018; Mail Returned Undeliverable [52].

On January 3, 2019, the Magistrate Judge entered his Report and Recommendation [53], recommending that the Court dismiss Plaintiff's suit. R. & R. [53] at 4-5. The Report and Recommendation [53] was mailed to Plaintiff's address of record but was also returned as undeliverable on January 16, 2019. Plaintiff has not submitted any objections to the Report and Recommendation [53], and the time for doing so has expired.

## II. DISCUSSION

Where no party has objected to a magistrate judge's proposed findings of fact and recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("[A] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Plaintiff has not communicated with the Court in over one year. Plaintiff failed to appear at the Omnibus Hearing, respond to Orders [41] [43], or show cause why his action should not be dismissed, despite multiple warnings that failure to respond or alert the Court of a change of address or to comply with a Court order could result in dismissal. *See* Orders [3] [4] [12] [16] [20] [23] [29] [41] [51]. The Court is of the view that there is a clear record of contumacious conduct and delay, and that lesser sanctions are futile.

Having conducted the required review, the Court concludes that the Magistrate Judge thoroughly considered all issues and that the Magistrate Judge's Report and Recommendation is neither clearly erroneous nor contrary to law. The Report and Recommendation should be adopted as the opinion of the Court.

## III. CONCLUSION

The Court finds that the Magistrate Judge properly recommended that

4

Plaintiff Julius Logan's suit be dismissed. The Report and Recommendation [53] will be adopted as the opinion of the Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Magistrate Judge's Report and Recommendation [53] entered in this case on January 3, 2019, is adopted as the opinion of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff Julius Logan's case is **DISMISSED WITH PREJUDICE** for failure to obey Orders of the Court and for failure to prosecute. A separate judgment will be entered in accordance with this Order, as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 7th day of February, 2019.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE